## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| DEBORAH A. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 8:20-cv-1871 |
| | ) |
| FIRST DIRECT MEDIATION, INC., | ) |
| | ) |
| Defendant. | ) |

### PLAINTIFF'S COMPLAINT

Plaintiff, DEBORAH A. SMITH, by and through her attorneys, Hormozdi Law Firm, LLC, alleges the following against Defendant, FIRST DIRECT MEDIATION, INC.:

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 ("FCCPA").

### JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. This court has supplemental jurisdiction over the state claims alleged herein pursuant to 28 U.S.C. § 1367 as they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in Land O'Lakes, Pasco County, State of Florida.

8. Plaintiff is a consumer as that term is defined by the FDCPA and the FCCPA.

9. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and the FCCPA.

10. Defendant is a debt collector as that term is defined by the FDCPA and the FCCPA.

11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a New York business corporation and collection agency based in the Town of Amherst, Erie County, State of New York.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

15. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

16. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

17. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of

telecommunication, such as by telephone and facsimile.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendant is attempting to collect a consumer debt from Plaintiff, allegedly owed by Plaintiff.

20. The alleged debt owed arises from transactions for personal, family, or household purposes.

21. In or around June 2020, Defendant began placing collection calls to Plaintiff in an attempt to collect the alleged debt.

22. Defendant calls Plaintiff on her cellular telephone at 858-605-8358 in an attempt to collect the alleged debt.

23. Defendant also leaves voicemail messages for Plaintiff.

24. With regard to the above-referenced voicemail messages:

    a. Defendant's collector, who identified herself as Donna Marie/Murray, failed to disclose that the communication was made in an attempt to collect a debt;

    b. Defendant's collector gave 833-965-2224 as her callback number—which is one of Defendant's telephone numbers; and

    c. Defendant's collector made vague threats of legal action against Plaintiff with the statements.

25. To date, Defendant has not filed suit against Plaintiff.

26. Defendant has no intention of filing suit against Plaintiff.

27. Defendant's above-referenced actions were an attempt to coerce Plaintiff into payment of

the alleged debt.

28. The natural consequences of Defendant's actions was to unjustly condemn and vilify Plaintiff for her non-payment of the alleged debt.

29. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

30. The natural consequences of Defendant's actions was to cause Plaintiff mental distress.

## COUNT I:
## DEFENDANT VIOLATED
## THE FAIR DEBT COLLECTION PRACTICES ACT

31. Defendant violated the FDCPA based on the following:

    d. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Defendant employed illegal debt collection tactics in an attempt to coerce Plaintiff into payment of the alleged debt;

    e. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant engaged in, at least, the following discrete violations of § 1692e;

    f. Defendant violated § 1692e(2)(A) of the FDCPA by its false representation of the character and legal status of any debt when Defendant made empty threats of legal action against Plaintiff;

    g. Defendant violated § 1692e(4) of the FDCPA by its representation or implication that nonpayment of any debt will result in the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action when Defendant made vague

        empty threats of legal action against Plaintiff;

h. Defendant violated § 1692e(5) of the FDCPA by its threat to take any action that cannot legally be taken or that is not intended to be taken when Defendant made threats of legal action which it cannot legally take did not intend to take with its voicemail messages it left for Plaintiff that made vague empty threats of legal action against Plaintiff;

i. Defendant violated § 1692e(7) of the FDCPA by its false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer when Defendant made threats of legal action which it cannot legally take did not intend to take with its voicemail messages it left for Plaintiff that made vague empty threats of legal action against Plaintiff;

j. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Defendant engaged in, at least, all of the other discrete violations of § 1692e alleged herein;

k. Defendant violated § 1692e(11) of the FDCPA when Defendant left Plaintiff voicemail messages that did not state that the communications were an attempt to collect a debt; and

l. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the misconduct alleged herein.

WHEREFORE, Plaintiff DEBORAH A. SMITH, respectfully requests judgment be entered against FIRST DIRECT MEDIATION, INC., for the following:

    a. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 § U.S.C. 1692k;

    b. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

    c. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## DEFENDANT VIOLATED THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

32. Plaintiff repeats and realleges paragraphs 1-30 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

33. Defendant violated the FCCPA based on the following:

    a. Defendant violated § 559.72(7) of the FCCPA by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family when Defendant made threats of legal action which it cannot legally take did not intend to take with its voicemail messages it left for Plaintiff that made vague empty threats of legal action against Plaintiff;

    b. Defendant violated § 559.72(9) of the FCCPA by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist when Defendant left voicemail messages for Plaintiff that made vague empty threats of legal action against Plaintiff, which it could not legally take or did not intend to take.

WHEREFORE, Plaintiff, DEBORAH A. SMITH, respectfully requests judgment be entered against FIRST DIRECT MEDIATION, INC., for the following:

34. Statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

35. Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

36. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2); and

37. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: August 11, 2020

By: /s/ Shireen Hormozdi
Shireen Hormozdi
Florida Bar No. 0882461
Hormozdi Law Firm, LLC
1770 Indian Trail Lilburn Road, Suite 175
Norcross, GA 30093
Tel: 678-395-7795
Fax: 866-929-2434
shireen@agrusslawfirm.com
shireen@norcrosslawfirm.com
Attorney for Plaintiff